## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JADA TAYLOR,** | |
| | **CIVIL ACTION FILE NO.** |
| *Plaintiff,* | |
| **v.** | |
| **ATHENA HEALTH, INC.** | **JURY DEMAND** |
| *Defendant.* | |

## <u>COMPLAINT</u>

**NOW COMES** Jada Taylor (hereinafter "Plaintiff"), by and through her counsel, and asserts this Complaint against Defendant AthenaHealth, Inc. (hereinafter "Defendant") for violations of Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. § 2000e, *et seq.* (hereinafter "Title VII") and for Title II of the Americans with Disabilities Act of 1990 (hereinafter the "ADA), the , and for violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et. seq. (hereinafter "FMLA"). Plaintiff states more fully as follows:

*(Continued On the Next Page)*

INTRODUCTION

1.

Defendant is a private American company that provides network-enabled services for healthcare and point-of-care mobile apps in the United States. Defendant is headquartered in Watertown, Massachusetts and also includes operational sites in Belfast, Maine, Atlanta, Georgia, Austin, Texas, Burlington, Vermont, Seattle, Washington, and with international operations in India.

2.

The Plaintiff is a former employee of Defendant. The Plaintiff has suffered from anxiety and depression for some time as well as worked as a remote based customer service representative for approximately one year without incident. In or about the end of January 2022 the Plaintiff requested intermittent FMLA leave to better address her anxiety and depression and Defendant Athena provided six months of intermittent FMLA leave (as opposed to a designated ADA based accommodation). Plaintiff used approximately 200 hours of intermittent FMLA leave between February and June 2022 to address her anxiety and depression. In or about May 2022, the Plaintiff requested medical leave for an FMLA qualified medical procedure. Within a week of the May 2022 medical procedure, Defendant terminated the Plaintiff for pretextual reasons. Accordingly, the Plaintiff has brought claims against Defendant for, among other claims, interference with the FMLA,

2

retaliation under the FMLA, failure to provide necessary FMLA notices, and ADA based discrimination and retaliation.

3.

Plaintiff is also an African-American, or person of color, and is protected under Title VII against racial discrimination. Plaintiff noticed Caucasian employees being promoted early on in her work. In 2022, Plaintiff also repeatedly asked for help with additional training and/or the opportunity to "shadow" positions in an attempt for a promotion and was consistently denied these requests based on her race. Furthermore, Plaintiff complained that she was receiving extra scrutiny due to her race. Plaintiff complained to Defendant regarding the same and was waiting on an appointment with Defendant's Human Resource specialist for diversity and inclusion when she was terminated. As a result of Defendant's systemic environment, the Plaintiff has brought suit under Title VII for racial discrimination and/or retaliation.

<u>JURISDICTION</u>

4.

Plaintiff bring this action under Family and Medical Leave Act, 29 U.S.C. §2601 *et. seq*., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq*., and the ADA, 42 U.S.C. §§ 12131-2 and 28 U.S.C. §§ 1331 and 1345. This Court has original jurisdiction pursuant to 42 U.S.C. §2003e-5(f), 28 U.S.C. §1345,

28 U.S.C. §1331, and 28 U.S.C. §1343(a).  This Court has original jurisdiction pursuant to 29 U.S.C. §2617(a)(2), 29 U.S.C. §1132(e) and 29 U.S.C. §1132(f), and 28 U.S.C. §1331 and §1337.

## VENUE

### 5.

Defendant is a Massachusetts-based corporation with a Georgia office at 675 Ponce de Leon Avenue, Suite 9000, Atlanta, Georgia 30308. Defendant may be served through its registered agent Cogency Global, Inc., located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia, 30076. Venue for this action properly lies in the Northern District of Georgia, Atlanta Division, pursuant to 42 U.S.C. §2003e-5(f)(3), 28. U.S.C. §1391(b) and §1391(c)(2), as a substantial portion of the acts and commissions giving rise to this action occurred in the Northern District of Georgia. 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

### Sub-Part A: Plaintiff

### 6.

Plaintiff Jada Taylor is a resident of Georgia, residing in the Northern District of Georgia.

### 7.

Plaintiff's race is African-American.

4

8.

Plaintiff is a female.

9.

Defendant employed Plaintiff on or about January 12, 2021, as a client issue resolution analyst, which required Plaintiff to support medical practices with software support through chat based software.

10.

On or about June 3, 2022, Defendant terminated Plaintiff.

11.

Thus, Defendant employed Plaintiff for the period January 12, 2021, through June 3, 2022 (hereinafter the "Actionable Period.")

12.

Plaintiff has a clinical diagnosis of anxiety and depression.

13.

Plaintiff was diagnosed with anxiety and depression in or about October 2021.

14.

At all times during her employment for the Actionable Period, Plaintiff suffered from anxiety and depression.

15.

Defendant employed Plaintiff for work for approximately forty (40) hours per week during the Actionable Period.

Sub-Part B: Defendant

16.

Defendant has more than 6,000 employees world-wide.

17.

Defendant operates an office location at 675 Ponce de Leon Avenue, Suite 9000, Atlanta, Georgia 30308 (hereinafter the "Atlanta Office.")

18.

During the Actionable Period, Defendant employed at least fifty (50) employees within seventy-five (75) miles of the Atlanta Office, in both calendar years 2021 and 2022.

19.

Defendant has employed more than fifteen (15) employees for each working day in at least 20 or more calendar weeks during the Actionable Period. As such, Defendant is subject to, and governed by, Title VII.

20.

Defendant is a "person" within the meaning of 42 U.S.C. §2000e(a) and an "employer" within the meaning of 42 U.S.C. §2000e(b).

6

21.

During the Actionable Period, Defendant used Matrix Absence Management, Inc., as a third-party administrator for Defendant's FMLA based leave practices and procedures.

22.

Lexie Larabee ("Ms. Larabee") is employed by Defendant as a Manager in the Client Support Center located at 3 Hatley Road, Belfast, Maine.

23.

Ms. Larabee has acted on behalf of Defendant to manage the Plaintiff's work during the Actionable Period. Ms. Larabee also acted on behalf of the Defendant regarding Plaintiff's requests to Defendant.

<u>Sub-Part C: Plaintiff's FMLA Surgery Based Facts</u>

24.

Plaintiff has suffered from epidermal cysts for at least two years prior to 2022.

25.

Plaintiff consulted with her doctor regarding treatment for the epidermal cysts sometime in April or May 2022.

26.

In or about May 2022, Plaintiff's doctor determined Plaintiff required in-patient surgery to remove Plaintiff's epidermal cysts.

7

27.

In or about May 2022, Plaintiff attended a pre-operation examination with her doctor regarding removal of the Plaintiff's epidermal cysts.

28.

On May 27, 2022, Plaintiff had outpatient surgery at the direction of her doctor which removed two cysts.

29.

On or about June 10, 2022, Plaintiff had a post-surgery medical examination with her doctor to remove stitches put in place during Plaintiff's May 27, 2022, surgery.

30.

Plaintiff has continued medical treatment with her doctor in the ensuing months since her surgery, including at least two visits since surgery for treatment and/or follow up treatment for the surgery in May 2022.

31.

In or about early May 2022 Plaintiff informed the Defendant she would need to have in-patient surgery and would need some time to recover.

32.

At this time in or about early May 2022, Defendant gave its approval for Plaintiff's leave for surgery as paid time off, as opposed to FMLA leave.

33.

In or about May 31, 2022, Defendant, through Ms. Larabee, noted in a meeting that Plaintiff had requested leave for a medical procedure on May 27, 2022, and that Plaintiff could avail herself to FMLA leave and would provide documents regarding the request for leave.

34.

Following their verbal approval of Plaintiff's May 2022 FMLA request, Defendant did not provide Plaintiff with a written "eligibility notice" required under 29 C.F.R. §825.300(b).

35.

Further, Defendant did not provide Plaintiff with an additional written copy of the "rights & responsibilities notice" required under 29 C.F.R. §825.300(c).

36.

Nor, at this time, did Defendant opt to use – and provide in writing to Plaintiff - the Department of Labor's combined "Notice of Eligibility, and Rights & Responsibilities" form, as allowed 29 C.F.R. §825.300(b)(2).

37.

Nor, at this time, did Defendant opt to use – and provide in writing to Plaintiff - the Department of Labor's combined "Notice of Eligibility, and Rights & Responsibilities" form, as allowed 29 C.F.R. §825.300(b)(2).

38.

Of particular interest, if Defendant was going to require Plaintiff to submit a completed medical certification, that requirement should have been disclosed in writing on a new "rights & responsibilities notice" pursuant to 29 C.F.R. §825.300(c)(1)(ii), §825.300(c)(3) and §825.300(c)(4); 29 C.F.R.§825.305(a). Additionally, the "rights & responsibilities notice" must state the time period in which the medical certification must be returned and the consequences of failing to provide a completed medical certification form. 29 C.F.R. §825.305(b), §825.305(d) and §825.300(c)(1)(ii).

39.

Once a determination was made that Plaintiff was potentially eligible for FMLA leave, Defendant should have then provided her, within five (5) days, with a new "designation notice." See 29 C.F.R. §825.300(d); see also WHD form WH-382.

40.

Defendant did not provide Plaintiff with a written "designation notice" related to her May 2022 medical leave. See 29 C.F.R. §825.300(d); see also WHD form WH-382.

41.

Under 29 C.F.R. §825.305(b), an employer must provide an employee with at least fifteen (15) days in which to return a medical certification form.

42.

However, because Defendant did not provide Plaintiff with a written "rights & responsibilities notice," 29 C.F.R. §825.300(c), which would have included the time-period requirement and a description of the consequences for failing to return a medical certification form, Defendant is precluded from taking any adverse action against Plaintiff related to any issue which would have been discussed in the "rights & responsibilities notice." See 29 C.F.R. §825.300(c)(1)(ii) and §825.305(d).

### Sub-Part D: Plaintiff's FMLA Leave Based Facts

43.

Plaintiff has been suffering from the effects of her generalized anxiety disorder and depression for many years.

44.

In or about October 2021, Plaintiff was diagnosed by her medical provider with a generalized anxiety disorder and depression.

45.

On or about January 12, 2022, Defendant employed Plaintiff for a period of more than a year.

46.

Plaintiff worked more than 1,250 hours for the Defendant between January 12, 2021, and January 12, 2022.

47.

Plaintiff worked generally without complaint or reprimand for the Defendant during the period between January 12, 2021, and January 12, 2022.

48.

Some time in mid-January 2022, and with the direction of her medical provider, Plaintiff requested intermittent FMLA leave from the Defendant to better remedy her generalized anxiety disorder and depression during working hours.

49.

On or about February 28, 2022, Defendant authorized Plaintiff's intermittent FMLA leave. See the attached Exhibit A. Defendant authorized Plaintiff's FMLA leave's certification for the period January 28, 2022, through July 27, 2022, approximately a six-month period but provided no Rights & Responsibilities form or other FMLA related documents.

50.

Defendant also accounted for 0.63 weeks of FMLA based leave for Plaintiff's intermittent FMLA leave during the period January 28, 2022, through February 14, 2022. See the attached Exhibit A.

*(Continued On the Next Page)*

51.

Sometime in or about March 2022, Plaintiff's manager Ms. Larabee complained as to the amount of FMLA leave Plaintiff was using and removed Plaintiff from a necessary training program.

52.

On or about May 31, 2022, Plaintiff contacted Defendant and informed the Defendant that Plaintiff felt she had been targeted by the Defendant after filing the FMLA leave request earlier in the year.

53.

Defendant terminated Plaintiff, under pretextual reasons, on June 3, 2022.

Sub-Part E: Plaintiff's ADA Based Facts

54.

In or about October 2021, the Plaintiff was diagnosed with generalized anxiety disorder and depression, which constitute disabilities under the ADA. Plaintiff's generalized anxiety disorder and depression affect Plaintiff's major life activities, such as, but not limited to, Plaintiff's ability to concentrate, and other major life activities.

55.

Plaintiff had no knowledge of the ADA or an ADA based accommodation during the Actionable Period.

56.

In or about January 2022, Plaintiff requested an accommodation for her work in order to respond to the effects of the Plaintiff's generalized anxiety disorder and depression.

57.

In or about January 2022, Defendant provided Plaintiff with an accommodation by allowing her to take self-administered breaks totaling approximately 200 hours between the end of January 2022 and June 2022.

58.

On or about June 3, 2022, the Defendant terminated Plaintiff because of her continuing disability. Plaintiff's performance played no role in Defendant's decision to terminate her.

59.

Some time in February 2022, Plaintiff's colleague, Benjamin Larry and also an African-American, informed the Plaintiff that his manager had placed Mr. Larry in the Defendant Athena's upcoming New Hire Training for Collector, Posting, and Claim Resolution.

60.

Plaintiff had informed Defendant of difficulty in some areas of her employment and requested additional training during a meeting with Ms. Larabee.

61.

Defendant did not inform of Plaintiff of the ability to take additional training, despite repeated requests.

62.

Some time around February 22, 2022, Plaintiff again inquired to Ms. Larabee about additional training. Ms. Larabee replied she would investigate to determine if the Plaintiff could be added to additional training.

63.

In or about March 2, 2022, Defendants allowed Plaintiff to attend a two week training course for new hires to provide her with an opportunity to re-train in certain areas.

64.

Plaintiff took leave for generalized anxiety disorder and depression on March 2, 2023, for 54 minutes, on March 3, 2022, for eight hours, and March 7, 2022, for three hours and twenty five minutes.

65.

On or about March 10, 2022, Defendant removed Plaintiff from the training program for the stated reason that Plaintiff allegedly may not benefit from it due to missing time, despite her FMLA intermittent leave and the fact that the training Plaintiff needed was not held until the second of the two week program.

66.

Plaintiff was not placed in any additional training during the Actionable period after March 10, 2022.

Sub-Part F: Plaintiff's Title VII Based Facts

67.

Plaintiff underwent new hire training for her employment with five additional employees, of which only two (2) were persons of color and the other four were Caucasian.

68.

Two of the Caucasian employees being trained simultaneously with Plaintiff quit prior to completion of the new hire training program while Plaintiff completed the new hire training.

69.

The remaining two Caucasian employees completed the training and subsequently were promoted out of the initial position of client issue resolution analyst and in to other positions with higher wages than the Plaintiff earned as a client issue resolution analyst.

70.

Plaintiff began studying data analytics in or about the Spring of 2022.

Plaintiff requested multiple times to apply for a position that would allow the Plaintiff to both use her newly acquired data analytic skills as well as more growth and pay opportunities than her position as a client issue resolution analyst.

71.

Defendant regularly rejected the Plaintiff's requests to be transferred / promoted to a position with more growth opportunities and/or higher wages then the Plaintiff's position.

72.

In or about the Spring of 2022, Plaintiff also requested, on multiple occasions, additional training in the form of "shadowing" other positions within Defendant.

73.

Defendant consistently denied Plaintiff the opportunity for additional training in the form of "shadowing" other positions within the company.

74.

On or about May 12, 2022, Defendant informed the Plaintiff that there would be a meeting held with Ms. Larabee, another employee known as Carrie, and the Plaintiff.

75.

On or about May 16, 2022, Plaintiff contacted the Defendant's Executive Director of Diversity and Inclusion HR, Allyson Livingstone, and requested a

meeting with Ms. Livingstone, as the Plaintiff believes she was being targeted due to her race.

76.

On or about May 31, 2022, Plaintiff again contacted Ms. Livingstone and informed Defendant and Ms. Livingstone that Plaintiff felt that people of color, such as herself, were treated differently than non-people of color employees and wished to meet with someone to discuss the matter in person due to its sensitive nature and her general distrust of Defendant's actions. Plaintiff also complained that she has not had the opportunity to speak with any people of color in management or Human Resources with Defendant.

77.

Plaintiff also complained that her manager, Ms. Larabee, had recording not only client interactions, but her entire screen for hours at a time. Ms. Larabee refused to answer as to whether other of Defendant's employees had their screens recorded.

78.

On or about June 3, 2022, Defendant terminated the Plaintiff due in part to her race. Defendant Athena's proffered reason for termination is pretextual.

*(Continued On the Next Page)*

18

## ADMINISTRATIVE CONDITIONS PRECENDANT

### 79.

Plaintiff satisfied all conditions precedent to filing this action, including filing Charges of Discrimination with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") in a timely manner, within 180 days of the alleged incidents See the attached Exhibit "B."

### 80.

Plaintiff received her Notices of Right to Sue from the EEOC, and this lawsuit is being filed within ninety (90) days of that receipt. See the attached Exhibit "C."

## COUNT I:  FAILURE TO PROVIDE NOTICES UNDER THE FMLA

### 81.

Plaintiff re-alleges and incorporates by reference paragraphs one (1) through eighty (80) of this Complaint.

### 82.

During the Actionable Time Period, Defendant Athena was an "employer" as defined in 29 U.S.C. §2611(4).

### 83.

During the Actionable Period and having worked in excess of 1,250 hours in the twelve months preceding her multiple 2022 leave requests, Plaintiff was an "eligible employee" as defined in 29 U.S.C. §2611(2).

84.

Plaintiff's continued treatment for generalized anxiety disorder and depression, as well as her continued treatment, surgery, and recovery, from lower abdominal pain and the associated surgery and recovery, as well as her inability to perform one (1) or more of the essential functions of her job constituted a "serious health condition" as defined in 29 U.S.C. §2611(11).

85.

Immediately preceding her January 2022 intermittent leave, the Plaintiff was entitled to twelve (12) weeks or less of FMLA leave pursuant to 29 U.S.C. §2612(a)(1)(D).

86.

Immediately preceding her May 2022 leave, the Plaintiff was entitled to twelve (12) weeks or less of FMLA leave pursuant to 29 U.S.C. §2612(a)(1)(D).

87.

Regarding the Plaintiff's intermittent FMLA leave in January 2022, Defendant failed to provide her with the "eligibility notice" required under 29 C.F.R. §825.300(b).

88.

Regarding the Plaintiff's intermittent FMLA leave in January 2022, Defendant failed to provide her with the "rights & responsibility notice" required under 29 C.F.R. §825.300(c).

89.

Regarding the Plaintiff's intermittent FMLA leave in January 2022, Defendant failed to provide her with the "Notice of Eligibility, and Rights & Responsibility" as provided under 29 C.F.R. §825.300(b)(2).

90.

Regarding the Plaintiff's intermittent FMLA leave in January 2022, Defendant failed to provide her with a written copy of the "designation notice" required under 29 C.F.R. §825.300(d).

91.

Regarding the Plaintiff's FMLA leave in May 2022, Defendant failed to provide her with the "rights & responsibilities notice" required under 29 C.F.R. §825.300(c).

92.

Regarding the Plaintiff's FMLA leave in May 2022, Defendant failed to provide her with the "Notice of Eligibility, and Rights & Responsibilities" form, as allowed under 29 C.F.R. §825.300(b)(2).

93.

Defendant's failure to provide the mandated notices constitutes an illegal interference with the Plaintiffs' rights under the FMLA in violation of 29 U.S.C. §2615(a)(1) and 29 C.F.R. §825.300(e). Plaintiff is entitled to recover her lost wages, liquidated damages in an equal amount, her reasonable attorneys' fees and costs, and to be reinstated to the same or equivalent position. 29 U.S.C. §2617(a)(1)(A), 29 U.S.C. §2617(a)(3) and 29 C.F.R. §825.400(c).

## COUNT II: ILLEGAL INTERFERENCE WITH FMLA RIGHTS

94.

Plaintiff re-alleges and incorporates by reference paragraphs one (1) through eighty (80) of this Complaint.

95.

Plaintiff was employed by Defendant Athena  for at least twelve months, and who had performed at least 1,250 hours of service during the previous twelve-month period. *Id.* § 2611(2).

*(Continued On the Next Page)*

22

96.

Under the FMLA, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." *Id.* § 2615(a).

97.

The FMLA"s "prohibition against „interference" prohibits an employer from discriminating or retaliating against an employee . . . for having exercised or attempted to exercise FMLA rights. . . ." 29 C.F.R. § 825.220(c).

98.

"[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions." *Id.*

99.

Employers who violate the FMLA "may be liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered." *Id.* § 825.220(b); 29 U.S.C. § 2617.

23

100.

Defendant discriminated against Plaintiff in violation of the FMLA when Defendant terminated Plaintiff approximately four days after she requested FMLA leave and/or returned from FMLA-protected leave, and/or while regularly taking FMLA leave in the preceding months, thereby interfering with Plaintiff's right to reinstatement and other rights under the FMLA.

101.

Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights under the FMLA.

102.

Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: RETALIATION FOR TAKING FMLA LEAVE

103.

Plaintiff re-alleges and incorporates by reference paragraphs one (1) through eighty (80) of this Complaint.

*(Continued On the Next Page)*

24

104.

Plaintiff was employed by Defendant for at least twelve months, and had performed at least 1,250 hours of service during the previous twelve-month period. *Id.* § 2611(2).

105.

The FMLA makes it unlawful for an employer to discriminate or retaliate against an employee who exercises her right to family care leave. 29 U.S.C. § 2615(a)(1)("It shall be unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this chapter."); 29 U.S.C. 2615(a)(2)("It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.")

106.

Defendant retaliated against Plaintiff because she exercised her rights under the FMLA, by, *inter alia,* terminating Plaintiff's employment directly after she returned from approved medical leave in or about June 3, 2022.

*(Continued On the Next Page)*

25

107.

As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered special damages.

108.

Plaintiff is also entitled to liquidated damages under 29 U.S.C. §2617(a)(1)(A)(iii) as Defendant has not acted in good faith and there are no reasonable grounds for believing they were not violating the FMLA.

109.

Plaintiff is entitled to appropriate equitable relief, including employment, reinstatement, and promotion. 29 U.S.C. § 2617(a)(1)(B).

110.

Plaintiff is entitled to costs and reasonable attorney's fees pursuant to 29 U.S.C. § 2617(a)(1)(A)(3).

**COUNT V:  FAILURE TO REINSTATE PLAINTIFF UNDER THE FMLA**

111.

Plaintiff re-alleges and incorporates by reference paragraphs one (1) through eighty (80) of this Complaint.

112.

During the Actionable Period Defendant Athena was an "employer" as defined in 29 U.S.C. §2611(4).

113.

During the Actionable Period, Defendant Athena was an "employer" as defined in 29 U.S.C. §2611(4).

114.

During the Actionable Period and having worked in excess of 1,250 hours in the twelve months preceding her multiple 2022 leave requests, Plaintiff was an "eligible employee" as defined in 29 U.S.C. §2611(2).

115.

Plaintiff's continued treatment for generalized anxiety disorder and depression, as well as her continued treatment, surgery, and recovery, from lower abdominal pain and the associated surgery and recovery, as well as her inability to perform one (1) or more of the essential functions of her job constituted a "serious health condition" as defined in 29 U.S.C. §2611(11).

116.

Immediately preceding her January 20222 intermittent leave, the Plaintiff was entitled to twelve (12) weeks or less of FMLA leave pursuant to 29 U.S.C. §2612(a)(1)(D).

117.

Immediately preceding her May 2022 leave, the Plaintiff was entitled to twelve (12) weeks or less of FMLA leave pursuant to 29 U.S.C. §2612(a)(1)(D).

118.

Plaintiff began her leave which should have been designated as FMLA leave on May 27, 2022.

119.

Defendant terminated Plaintiff's employment on June 3, 2022.

120.

Defendant's termination of Plaintiff's employment immediately following designated FMLA leave (or what should have been designated FMLA leave) constitutes a violation of 29 U.S.C. §2614(a)(1) (job restoration rights), an impermissible interference with the Plaintiff's rights under the FMLA in violation of 29 U.S.C. §2615(a)(1), and unlawful termination under 29 U.S.C. §2615(a)(2). Plaintiff is entitled to recover her lost wages, liquidated damages in an equal amount, her reasonable attorneys' fees and costs, and to be reinstated to the same or equivalent position. 29 U.S.C. §2617(a)(1)(A), 29 U.S.C. §2617(a)(3) and 29 C.F.R. §825.400(c).

## COUNT VI: TERMINATION UNDER THE ADA

### 121.

Plaintiff re-alleges and incorporates by reference paragraphs one (1) through eighty (80) of this Complaint.

### 122.

Title I of the ADA prohibits covered entities from discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4.

### 123.

Because her anxiety and depression substantially limits at least one of Plaintiff's major life activities, Plaintiff is an individual with a disability under the ADA.

### 124.

Plaintiff was fully qualified to work in her position as customer service and could and did perform all oft he essential functions oft he position and had worked in that position for Defendant for more than a year.

125.

Defendant is a covered employer to which the ADA applies.

126.

Defendant discriminated against the Plaintiff by terminating her on the basis of disability. 42 U.S.C. §§ 12102, 12111, 12112; 29 C.F.R. §§ 1630.2, 1630.4.

127.

Because of Defendant's discriminatory conduct, the Plaintiff suffered significant monetary loss, including loss of earnings and other benefits; lost opportunities for advancement; and severe emotional pain, suffering, and other non-pecuniary losses.

128.

Defendant's violations of the ADA was willful and Plaintiff seeks liquidated damages for each violation.

## COUNT VII – TITLE VII – RACIAL DISCRIMINATION

129.

Plaintiff re-alleges and incorporates by reference paragraphs one (1) through eighty (80) of this Complaint.

130.

Plaintiff is an African-American and therefore is a member of a protected class under Title VII.

131.

Plaintiff was discriminated against in the terms and conditions of her employment based upon her race by Defendant.

132.

Plaintiffs were the subjects of unwelcome racial discrimination in the form of a stricter level of scrutiny and less opportunity for remedial action and/or advancement for an African-American employee. Defendant knew, or should have known, of the racial discrimination but failed to take prompt and effective remedial action.

133.

The unwelcome discrimination, in form of a stricter level of scrutiny and less opportunity for remedial action and/or advancement, were based upon race.

134.

As a result of the Plaintiff's race, Defendant subjected Plaintiff to wholly unwarranted negative performance feedback, being subjected to unwarranted discipline, and ultimately, terminated.

135.

Defendant cordoned, ratified, and otherwise allowed the racially discriminatory behavior to continue during the Actionable Period on the basis of race in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

136.

The unlawful employment practices described above were intentional, and were done with malice or with reckless indifference to the federally protected rights of the Plaintiff.

137.

As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation, emotional distress, inconvenience, humiliation, and other indignities.

138.

Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## **COUNT VIII – TITLE VII – RETALIATION**

139.

Plaintiff re-alleges and incorporates by reference paragraphs one (1) through eighty (80) of this Complaint.

140.

Plaintiff engaged in statutorily protected activity by opposing conduct and actions made unlawful under Title VII.

141.

Plaintiff engaged in protected activity when she complained about discrimination and harassment based upon race.

142.

In retaliation for her complaints, Plaintiff was fired.  The stated reasons, in each case, were pretextual.

143.

There is a causal connection between the Plaintiff's complaint(s) and the materially adverse actions taken against them by Defendant.

144.

The retaliation endured by Plaintiff would dissuade a reasonable employee from making complaints of discrimination and harassment.

145.

Defendant retaliated against Plaintiff for engaging in protected activity in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

146.

The unlawful employment practices described above were intentional, and were done with malice or with reckless indifference to the federally protected rights of the Plaintiff.

147.

As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation, emotional distress, inconvenience, humiliation, and other indignities.

148.

Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII

## **JURY TRIAL**

149.

Plaintiff demands a jury trial as to all issues triable by a jury trial.

## **PRAYER FOR RELIEF**

150.

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

A. Grant Plaintiff a trial by jury as to all triable issues of fact;

B. That, pursuant to 29 U.S.C. §2617(a)(1), issue an Order that Defendant violated the Family and Medical Leave Act by (1) failing to provide the notices required under the FMLA, and (2) by terminating Plaintiff for exercising and/or attempting to exercise her rights under the FMLA;

C. That, pursuant to 29 U.S.C. §2617(a)(1)((A)(i), issue an Order that Defendant be ordered to pay Plaintiff back wages and lost benefits from the date she would have returned from FMLA leave to date of judgment;

D. That, pursuant to 29 U.S.C. §2617(a)(1)((A)(ii), issue an Order that Defendant pay Plaintiff interest on the value of her  back wages and lost benefits from the date she would have returned from FMLA leave to date of judgment;

E. That, pursuant to 29 U.S.C. §2617(a)(1)((A)(iii), issue an Order that Defendant pay Plaintiff liquidated damages in an amount equal to her back wages, lost benefits and interest thereon;

F. That, pursuant to 29 U.S.C. §2617(a)(1)((B),  issue an Order that Defendant reinstate Plaintiff to her last-held position (or equivalent) with the same salary and benefits;

G. That, pursuant to 29 U.S.C. §2617(a)(3) and 29 U.S.C. §1132(g), issue an Order that Defendant pay Plaintiff's reasonable attorneys' fees and costs of this action; and,

H. Enter a judgment declaring that Plaintiffs' rights under Title VII have been violated by Defendant;

I.  Issue an Order that Defendant pay lost income, prejudgment interest, compensatory damages and punitive damages to Plaintiff to fully compensate her for her injuries caused by Defendant's discriminating, harassing and retaliatory conduct, pursuant to and within the statutory framework of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a;

J.  That the Court issue a declaratory judgment that the Defendant discriminated against Plaintiff in violation of the ADA;

K.  That the Court issue an Order that Defendant pay Plaintiff back pay with interest for violation of the ADA;

L.  That the Court issue an Order that Defendant pay Plaintiff interest on all back pay recoverable against the Defendant for violation of the ADA;

M. That the Court issue an Order that Defendant pay Plaintiff compensatory and punitive damages against Defendant for violation of the ADA;

N.  That the Court issue an Order that Defendant pay Plaintiff's attorney's fees and costs in this matter; and,

O.  Issue an Order as to any such other and further relief to which Plaintiff may be entitled.

Respectfully submitted this tenth (10th) day of January, 2022.


                                                              */s/ Peter H. Steckel*

Peter H. Steckel
Georgia Bar Number 491935
*Counsel for Plaintiff*

Steckel Law, L.L.C.
1120 Ivywood Drive
Athens, Georgia 30606
(404) 717-6220
Email: peter@SteckelWorkLaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1 and 7.1, I certify that the foregoing pleading is

typewritten using 14 point Times New Roman font type.

*/s/ Peter H. Steckel*
Peter H. Steckel
Georgia Bar Number 491935
*Counsel for Plaintiff*

Steckel Law, L.L.C.
1120 Ivywood Drive
Athens, Georgia 30606
(404) 717-6220
Email: peter@SteckelWorkLaw.com